# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN  DIVISION

| | | |
|---|---|---|
| **CHARLOTTE A. CLARK-FRIESON,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:08-CV-01668-RDP** |
| | } | |
| **COLLEEN MCCULLOUGH,** | } | |
| **WASHINGTON MUTUAL, INC., W.** | } | |
| **M. SPECIALTY MORTGAGE, LLC,** | } | |
| **AMC MORTGAGE SERVICES,** | } | |
| **AMERIQUEST MORTGAGE** | } | |
| **COMPANY CITIGROUP, CITI-** | } | |
| **RESIDENTIAL LENDING,** | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant Colleen McCullough's motion to dismiss (Doc. # 17) filed October 15, 2008, and the responses filed by Plaintiff and the various non-bankrupt defendants in compliance with the court's December 3, 2008 Order.  (Docs. # 35, 36 and 40).

## I.

Plaintiff Charlotte A. Clark-Frieson brought this action as a result of a residential real estate loan transaction.  Plaintiff filed her original complaint (Doc. # 1) on September 11, 2008.  Pursuant to this court's previous order (Doc. # 29)[1], she filed her Amended Complaint on December 16, 2008.

---

[1]After initially examining whether it had subject matter jurisdiction over the claims asserted in Plaintiff's original complaint, on December 3, 2008, the court issued an Order (Doc. # 29), directing the parties to, *inter alia*, show cause, on or before December 16, 2008:

    1.    Why Plaintiff's Truth in Lending Act claim is not barred by the applicable statute of limitations, 15 U.S.C.A. § 1640(e);

    2.    Whether there is a private right of action for negligent non-compliance under § 1681(o) of the Fair Credit Reporting Act; and

    3.    Why Plaintiff's claim under § 1681s-2(b) of the Fair Credit Reporting Act claim is not barred by her failure to allege that she notified any consumer reporting agency of a dispute.

(Doc. # 37).  Plaintiff's Amended Complaint (Doc. # 37) states three federal claims over which the court has original subject matter jurisdiction:  Count I - Violations of the Truth in Lending Act, and Count II - Violation of Fair Credit Reporting Act.  Plaintiff's Amended Complaint also states a claim under the Fair Debt Collections Practices Act, although it is not set out as a separately numbered count.  If these federal law claims are properly before the court, the court may exercise supplemental jurisdiction over the state law claims stated in Counts III through V.[2]  28 U.S.C. § 1367(a).

Defendants Ameriquest Mortgage Company and AMC Mortgage Services, Inc., and Defendants Colleen McCullough, W.M. Specialty Mortgage, LLC and Citi-Residential Lending submitted timely responses to the show cause order addressing these issues.  (Docs. # 35 and 36). Plaintiff failed to submit a response to this portion of the court's December 3rd Order within the time provided.  However, on December 19, 2008, she e-mailed to the undersigned's chambers a motion requesting an extension of time, until December 24, 2008, to respond to the December 3 Order.  Her request for the extension of time was granted by margin order on December 19, 2008.  Plaintiff's Answer to Court's Order Dated December 3, 2008 was e-mailed to chambers on December 24, 2008 and filed on December 29, 2008.  (Doc. # 40).  After the filing of Plaintiff's Amended Complaint, Defendants moved to either strike the pleading or dismiss it.  (Doc. # 39, 40, 41).  The court will take all motions under submission because (1) the legal issues raised by the motions to dismiss the original and amended complaints are substantially the same and (2) Plaintiff has had a full

---

The court also noted that Plaintiff had indicated that she desired to amend her complaint and gave her until December 16, 2008 to do so.

[2]Plaintiff's Amended Complaint contains two Count Fours—one alleging an Alabama Deceptive Trade Practices Act claim and the other a usury claim.

opportunity to respond (and has actually responded) to the motions to dismiss her amended complaint.  (Doc. # 43).

A.      **Plaintiff's Truth in Lending Act claim is barred by the applicable statute of limitations, 15 U.S.C.A. § 1640(e).**

The "Truth in Lending Act" ("TILA"), 15 U.S.C.A. § 1640, has a one year statute of limitations.  15 U.S.C.A. § 1640(e).  Plaintiff's TILA claims are based upon her allegations that disclosures were not properly made and the APR was improperly calculated in connection with an October 20, 2004 loan. (Doc. # 1, ¶¶ 48-49).  Plaintiff's claims are based on her allegation that she wanted (and thought she was entering into) a fixed rate mortgage, but instead received an adjustable rate mortgage which she was unable to afford once it began to adjust upward.  Plaintiff's complaint was not filed until September 11, 2008, almost four years after the loan transaction.  Thus, Plaintiff's TILA claim is facially barred by the Act's one-year statute of limitations.

The fact that Plaintiff's claims are facially barred does not end the court's inquiry, however, because the Eleventh Circuit has "held that the statute of limitations governing actions under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640(e), is subject to equitable tolling.  TILA is a remedial statute designed to protect consumers against fraud and that it would be anomalous to reward defendants who disguise their fraud for a year." *Boudin v. Residential Essentials, LLC*, 2007 WL 2023466 * 4 (S.D. Ala. 2007) (citing *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 707-08 (11th Cir.1998)).  "Where equitable tolling applies, plaintiffs may sue after the statutory period has expired if they have been prevented by inequitable circumstances from doing so previously." *Williams v. Saxon Mortgage Servs.*, 2007 WL 2828752, *3 (S.D. Ala. 2007) (citing *Ellis*, 160 F.3d at 706).

3

A plaintiff seeking to take advantage of equitable tolling must plead affirmative action taken by the defendants, apart from the underlying TILA violation, designed to conceal the violation. *Williams*, 2007 WL 2828752 at *3.   A plaintiff must plead the alleged concealment with the level of particularity required under the heightened pleading standard of Rule 9(b).   *Id.*   Although Plaintiff's complaint and her proposed amended complaint could be read to allege vague acts of concealment, the fact remains that Plaintiff was told that she was entering into an adjustable rate mortgage at the time of the closing, in October 2004.   (Doc. # 37 at ¶ 34).   At the closing itself, Plaintiff became aware of the "'Adjustable Rate Feature' of the loan" and spoke via telephone to an Ameriquest representative who told her that this meant that her "payment would fluctuate from time to time."  (Doc. # 40 at p. 15).   Moreover, even if that conversation did not reveal to Plaintiff that she was receiving an adjustable rate loan at that time, she certainly became aware of that fact in January 2007.  According to Plaintiff's Answer to Court's Order Dated December 3, 2008, Plaintiff's loan first reset in January 2007 and her payments increased at that time.   (Doc. # 40 at p. 15).   This lawsuit was not commenced until September 2008, more than one year after that date.   Therefore, Plaintiff's TILA claim is due to be dismissed as barred by the one-year limitations period.

Plaintiff also claims the right to rescind the 2004 loan transaction due to Defendants' alleged TILA violations.   However, her right to rescind has also expired.

> Under TILA, this right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). TILA also provides an additional specific right to rescission in the face of a judicial or non-judicial foreclosure. 15 U.S.C. § 1635(i)(1). However, this right is subject to the same three-year time limit in § 1635(f). 15 U.S.C. § 1635(i)(1).

4

*Johnson v. Mortgage Electronic Registration Systems, Inc.*, 252 Fed.Appx. 293, 294 (11th Cir. 2007).  This three-year rescission period "is emphatically not a statute of limitation that is subject to tolling." *McMillian v. AMC Mortgage Servs., Inc.*, 560 F.Supp.2d 1210, 1215 (S.D. Ala. 2008) (emphasis in original).

Plaintiff acknowledges that TILA has a three year time limitation on the right to rescind a transaction (*see* Doc. # 40 at p. 3), but she appears to argue that to apply this limitation would violate the United States Constitution.  Her argument is without merit.  As the United States Supreme Court has explained,

> Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. Making out the substantive elements of a claim for relief involves a process of pleading, discovery, and trial. The process of discovery and trial which results in the finding of ultimate facts for or against the plaintiff by the judge or jury is obviously more reliable if the witness or testimony in question is relatively fresh. Thus in the judgment of most legislatures and courts, there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious.

*Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478, 487-88 (1980); *see also Johnson v. Railway Exp. Agency, Inc.,* 421 U.S. 454, 463-64 (1975) ("Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones.").

Plaintiff's TILA claims are due to be dismissed as barred by the applicable statute of limitations.

**B.      There is no private right of action for negligent non-compliance under § 1681(o) of the Fair Credit Reporting Act.**

In Count II of her complaint and her proposed amended complaint,  alleges, *inter alia*, that Defendants "wrongfully, improperly and illegally reported negative information to one of more Credit Reporting Agencies ... ."  Plaintiff alleges she has a private right of action pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). (Doc. # 1 at ¶¶ 52-53; Doc. # 37 at ¶¶ 105-11).  Plaintiff also alleges that she is entitled to recover damages for negligent non-compliance under § 1681(o).

The 2003 amendments to the FCRA, passed as part of the Fair and Accurate Credit Transactions Act ("FACTA"), eliminated private enforcement actions under that section (o). *Crowder v. PMI Mortgage Ins. Co.*, 2006 WL 1528608 (M.D. Ala. 2006)*; see also Perry v. First Nat'l Bank*, 459 F.3d 816, 819-23 (7th Cir. 2006); *Bruce v. Grieger's Motor Sales, Inc.*, 422 F.Supp.2d 988, 990-93 (N.D. Ind. 2006); *Putkowski v. Irwin Home Equity Corp.*, 423 F.Supp.2d 1053, 1060-62 (N.D. Cal. 2006); *Stavroff v. Gurley Leep Dodge, Inc.*, 413 F.Supp.2d 962, 963-67 (N.D. Ind. 2006); *Murray v. Cross Country Bank*, 399 F.Supp.2d 843, 845 (N.D. Ill. 2005); *Murray v. Household Bank (SB), N.A.*, 386 F.Supp.2d 993, 996-99 (N.D. Ill. 2005).  Therefore, Plaintiff's claims under § 1681(o) are due to be dismissed.

**C.      Plaintiff's claim under § 1681s-2(b) of the Fair Credit Reporting Act claim is barred by her failure to allege the essential element of such a claim.**

As to Plaintiff's § 1681s-2(b) claim, "[t]he FCRA does provide a private right of action for a violation of § 1681 s-2(b), *but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency*." *Green v. RBS National Bank*, 2008 WL 2957118 (11th Cir. 2008) (citing 5 U.S.C. § 1681s-2(b)(1)) (emphasis added).  Both Plaintiff's complaint and her amended

6

complaint fail to allege that she notified any consumer reporting agency of a dispute. "Plaintiff has the burden to show that [Defendant] received notice from a credit reporting agency of a dispute pursuant to § 1681i to trigger § 1681s-2(b)(1) obligations. *Sweitzer v. American Express Centurion Bank*, 554 F.Supp.2d 788, 795 (S.D. Oh. 2008) (citing *Aklagi v. Nationscredit Financial*, 196 F.Supp.2d 1186, 1193 (D. Kan. 2002)). Plaintiff's Answer to Court's Order Dated December 3, 2008, states that "[i]n all likelihood, Plaintiff *elected* not to make such allegations because at the time the complaint was filed, Plaintiff had only accessed her credit report electronically, and had entered disputes electronically, ..." (Doc. # 40 at p. 9)(emphasis added). However, her Answer goes on to allege that she "tendered written disputes to the three credit bureaus" and that she received "responses and updated reports ... from all three credit bureaus." (Doc. # 40 at p. 9).

In order to state a claim under section 1681s-2(b), "Plaintiff must allege: (1) that [she] notified a consumer reporting agency that [she] disputed the accuracy of information in [her] consumer report; (2) that the consumer reporting agency notified [the furnisher] of Plaintiff's dispute; and (3) that [the furnisher] failed to adequately investigate after receiving the notice from the consumer reporting agency." *Rossman v. Lazarus*, 2008 WL 4181195, *7 (E.D. Va. 2008)(citing 15 U.S.C. § 1681s-2(b); *Ryder v. Washington Mut. Bank, FA*, 371 F.Supp.2d 152, 154 (D. Conn. 2005)). Where a plaintiff's complaint fails to make such allegations, it fails to state a claim for relief under the FCRA. *Rossman*, 2008 WL 4181195 at *7. Even reading Plaintiff's complaint, amended complaint, and Answer to Court's Order liberally and collectively, she fails to make the requisite allegations addressing the second and third elements of an FCRA claim. Therefore, her FCRA claims under § 1681s-2(b) are due to be dismissed.

## II.

Turning to Defendant McCullough's motion to dismiss (Doc. # 17), which argued that Plaintiff's complaint (Doc. # 1) failed to state a claim against Defendant McCullough, Plaintiff responded that it was her intention to amend her complaint.  In the court's December 3, 2008 Order, in addition to directing the parties to show cause why the claims discussed above should not be dismissed, the court directed Plaintiff, if it was her intention to amend her complaint, on or before December 16, 2008,  "*to file an appropriate motion*, submitting her proposed amended complaint as an exhibit thereto."  (Doc. # 29) (emphasis added).  Although on December 16, 2008, Plaintiff e-mailed to the undersigned's chambers an amended complaint, she failed to comply with the Court's directive that she file an appropriate motion seeking the court's leave to amend her complaint.

Nonetheless, as indicated above, the court has undertaken a review of Plaintiff's proposed amended complaint in light of the issues currently before the court.  The proposed amended complaint suffers from the same deficiencies as the initial complaint. Therefore, Counts I and II of the proposed amended complaint are due to be dismissed for the reasons discussed above in Section I.

However, reading the proposed amended complaint liberally, it does, however, purport to state what appears to be an additional federal claim alleging a violation by Defendant McCullough of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. et seq.  Having examined the proposed amended complaint and the allegations which could be construed as relating to this claim, the court has satisfied itself that the proposed amended complaint fails to state a claim against Defendant McCullough under the FDCPA.

8

"The plaintiff in an FDCPA action bears the burden of proving the defendant's debt collector status." *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60 (2nd Cir. 2004). "The FDCPA establishes two alternative predicates for 'debt collector' status - engaging in such activity as the 'principal purpose' of the entity's business and 'regularly' engaging in such activity." *Goldstein*, 374 F.3d at 61 (citing 15 U.S.C. § 1692a(6)).  Plaintiff's proposed amended complaint is devoid of allegations regarding Defendants' status.  Therefore, the court finds that Plaintiff's proposed amended complaint fails to state a claim against Defendant McCullough under the FDCPA.[3]

## III.

Having disposed of the Plaintiff's purported federal claims, the court acknowledges that it has the discretion to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. 28 U.S.C. § 1367(a).  However, the converse is true as well—the court also has the discretion to decline to continue to exercise jurisdiction because all claims over which the court had original jurisdiction are being dismissed.[4]  28 U.S.C. § 1367(c)(3).  The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). Having

---

[3]In deciding this and the other issues raised by these motions, the court has taken into account that Plaintiff is *pro se*.  But even *pro se* Plaintiffs are required to comply with the Federal Rules of Civil Procedure.

[4]Pursuant to section 1367(c), a district court has discretion to decline to exercise supplemental jurisdiction in four situations: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).  "Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."  *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

determined that there is no longer a basis for federal jurisdiction over Plaintiff's remaining state law claims,[5] the court declines to exercise supplemental jurisdiction over those claims.

## IV.

Counts I and II of Plaintiff's complaint and amended complaint - Violations of the Truth in Lending Act and Violation of Fair Credit Reporting Act, are due to be dismissed with prejudice. Plaintiff's Fair Debt Collection Practices Act claim, to the extent it was asserted in Plaintiff's proposed amended complaint, is due to be dismissed without prejudice. Further, the court has determined that there is no longer a basis for federal jurisdiction over Plaintiff's remaining state law claims, and the court declines to exercise supplemental jurisdiction over the claims remaining in this case. Therefore, the remaining claims in this case are due to be dismissed without prejudice.[6]

**DONE** and **ORDERED** this _____2nd_____ day of February, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[5] There is no diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and at least one of the Defendants are residents of the state of Alabama.

[6] If it is Plaintiff's intention to re-file her state law claims in state court, Plaintiff is encouraged to seek counsel to represent her in this matter on a contingency fee basis.